IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARCELO SANDOVAL,

                                                                                       ORDER

                    Petitioner,

                                                                                 09-cv-033-bbc

     v.

WARDEN HOLINKA,
Warden FCI Oxford,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Marcelo Sandoval, a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and paid the $5.00 filing fee.

      Petitioner contends that prison officials at the institution violated his constitutional right to due process when they failed to provide him with an interpreter to assist him with his defense at a hearing before a Disciplinary Hearing Officer on March 20, 2008. Petitioner seeks reinstatement of the days of good-time credit he lost at the disciplinary hearing and asks that this court order the related incident report expunged from his record.

      From petitioner's petition and the accompanying documents, I draw the following facts.

1

ALLEGATIONS OF FACT

At all times relevant to this petition, petitioner Marcelo Sandoval was housed at the Federal Correctional Institution in Oxford, Wisconsin. Petitioner's ability to understand English is very poor. During his criminal proceedings in federal court, petitioner was appointed an interpreter. This information was known to the Bureau of Prisons because it was recorded on petitioner's pre-sentence investigation report.

On February 28, 2008, petitioner was watching television in the Marquette Housing Unit viewing room. Petitioner was approached by inmate Ortiz, who accused him of sitting in Ortiz's spot. After petitioner refused to move, inmate Ortiz attacked him. The Unit Officer stopped the two men and took them to the lieutenant's office. Petitioner was later taken to the medical department because of his injuries. Inmate Ortiz sustained no injuries. Subsequently, petitioner was given Incident Report No. 1704785 for his part in the incident with inmate Ortiz and placed in the special housing unit for fighting with another inmate.

On March 20, 2008, petitioner had a hearing before the Disciplinary Hearing Officer based on the February 28 incident. Petitioner was unaware of his rights to request witnesses or present evidence on his behalf at the hearing. However, petitioner did request an interpreter to assist him, but he did not have one at the hearing. The Disciplinary Hearing Officer asked why petitioner had blood on his hands after the incident on February 28 occurred. Petitioner responded that the blood was his and that the blood was the result of

2

blocking inmate Ortiz's punches. Inmate Ortiz had no wounds from the incident. Petitioner was found guilty of fighting with another person and lost good-time credits.

After the hearing, petitioner requested medical reports and evidence that inmate Ortiz suffered any injuries in the attack but he has received no response from the Bureau of Prisons.

DISCUSSION

A. Appropriate Use of 28 U.S.C. § 2241

28 U.S.C. § 2241 permits district courts to grant relief to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." When a petitioner mounts a due process challenge to a disciplinary procedure that results in revocation of good-conduct credit to which the petitioner is statutorily entitled, the suit may be maintained as a petition for habeas corpus. Jackson v. Carlson, 707 F.2d 943, 946 (7th Cir. 1983). This is because the petitioner is seeking release at an earlier date even though he is not seeking immediate release. Id.

Petitioner's sole ground for relief is that he was deprived of due process in his disciplinary hearing and that this deprivation led to the loss of good-time credits. Thus, petitioner has properly brought his claim under § 2241.

B. Deprivation of a Liberty Interest

The Fifth Amendment prohibits the government from depriving "any person . . . of life, liberty or property, without due process of law." U.S. Const. Amend. V. In order to receive protection under the Fifth Amendment, a person must have a protected liberty or property interest. Sandin v. Conner, 515 U.S. 472, 486 (1995). In the context of incarceration, protected liberty interests are generally limited to disciplinary penalties that extend a prisoner's duration of confinement, such as the loss of "good-time credits," and to prison conditions that are "atypical and significant" deviations from those normally associated with prison life. Id.; Lekas v. Briley, 405 F.3d 602, 610 (7th Cir. 2005). The Court of Appeals for the Seventh Circuit has held repeatedly that prisoners have a protected liberty interest in good-time credit that they have earned. See, e.g., Thomas v. McCaughtry, 201 F.3d 995, 999 n.4 (7th Cir. 2000); Sweeney v. Parke, 113 F.3d 716, 718 (7th Cir. 1997); Meeks v. McBride, 81 F.3d 717, 719 (7th Cir. 1996). Petitioner has alleged that he lost good-time credit as a result of his disciplinary violation. Therefore, petitioner has shown that he was deprived of a liberty interest.

C. Right to an Interpreter at Disciplinary Hearing

The Fifth Amendment's due process clause provides federal inmates with certain minimum procedural safeguards. "Where a loss of good time credits is possible, the Supreme

4

Court has held that the inmate must receive: '(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.'" McPherson v. McBride, 188 F.3d 784, 785-86 (7th Cir. 1999) (citing Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454 (1985)). In addition, when the inmate is illiterate or charges are so complex that it is unlikely that the inmate will be able to collect and present evidence, the inmate should have "the opportunity to seek the aid fo a fellow inmate, or to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff." Wolf v. McDonnell, 418 U.S. 539, 570 (1974).

The Fifth Amendment does not require procedural perfection when it comes to prison disciplinary proceedings. Superintendent, Massachusetts Correctional Institution, 472 U.S. at 454-55. The Supreme Court has recognized that prisons should not be saddled with burdensome administrative requirements. Id. Therefore, the question is whether petitioner was denied a meaningful opportunity to defend himself and not whether prison officials failed to follow regulations.

In this case, petitioner does not assert that he was denied written notice of the charges, the ability to call witness or present evidence or the evidence relied upon by the

5

factfinder in assessing petitioner's guilt. Therefore, he does not deny that he received process before losing his good-time credits.

Instead, petitioner asserts that the process he received was not meaningful because his lack of English skills and the denial of an interpreter compromised his ability to understand his rights. Although the United States Supreme Court has not yet recognized a constitutional right to a court-appointed interpreter, United States v. Johnson, 248 F.3d 655, 663 (7th Cir. 2001), the Court of Appeals for the Seventh Circuit has held that a defendant in a criminal proceeding is denied due process when he is unable to comprehend the proceedings before him because of language difficulties. Id.; see also United States v. Cirrincione, 780 F.2d 620, 634 (7th Cir. 1985). Although this is not a criminal proceeding, there was a legitimate liberty interest at stake in petitioner's hearing and therefore, petitioner had a right to a meaningful hearing. Clarkson v. Coughlin, 898 F.Supp. 1019, 1049-50 (S.D.N.Y. 1995) (failure to offer interpretive services or assistive devices in disciplinary, grievance and parole hearings constituted denial of due process); Bonner v. Arizona Dept. of Corrections, 714 F.Supp. 420, 425 (D. Ariz. 1989) (requiring deaf, mute and vision inmates to navigate through legal proceedings without interpreter violates due process); Powell v. Ward, 487 F.Supp. 917, 932 (S.D.N.Y. 1980) ("Unless Spanish speaking inmates understand and can communicate with the hearing board, they are being denied the due process protections guaranteed in Wolff. Therefore, we find that due process requires that

6

Spanish speaking inmates who cannot read and understand English must be given notice and statements in Spanish or provided with a translator, who should be present at the hearing in any case.")

Therefore, if petitioner did not comprehend the proceedings or process he was subject to, then he was denied a meaningful opportunity to defend himself.

However, from the facts alleged, it appears that the petitioner understood the disciplinary proceedings at which his good-time credits were revoked. When asked why he had blood on his hands by the Disciplinary Hearing Officer, petitioner answered the officer's question. Petitioner does not state that he was unable to comprehend the proceedings or the questions asked of him as they occurred. Morever, he does not deny that he had an opportunity to defend himself at this time.

Even assuming that he did not understand that he could call witnesses or present evidence, it is unclear how the absence of an interpreter actually prejudiced petitioner. Although petitioner claims that he did not understand that he could call witnesses and present evidence, petitioner offers no example of what witnesses or evidence he would have presented. Petitioner suggests that he would have tried to introduce medical records about inmate Ortiz's lack of wounds on February 28, 2008. Presumably, petitioner would use this evidence to show that Ortiz attacked him. It is unclear whether an interpreter could have assisted petitioner in attaining this evidence or whether petitioner could have obtained these

7

records in the first place. In any case, he was not precluded from raising this defense at his hearing, but he chose not to do so. Because the facts alleged suggest that petitioner received the minimum requirements of due process, it appears petitioner had a meaningful opportunity to defend himself.

Nonetheless, I will not deny petitioner's petition at this time. It may be the case that petitioner did not receive enough information prior to or during the hearing to allow him to offer a meaningful defense, but petitioner has offered few facts regarding what he failed to understand. Therefore, I will allow him the opportunity to supplement his petition with additional facts regarding:

(1) what sort of notice regarding the hearing, witnesses and evidence he was given;

(2) whether he understood the information regarding the hearing, witnesses and evidence he was given and, if not, why;

(3) whether petitioner failed to understand what occurred during the hearing;

(4) what evidence he would have submitted or witnesses, if any, he would have called and what the witnesses would have said at the hearing; or

(5) how an interpreter would have assisted him in presenting his defense.

However, if petitioner fails to submit additional facts regarding this question, I will dismiss his petition because the facts he has alleged in the petition suggest that he did have a meaningful opportunity to defend himself.

ORDER

IT IS ORDERED that petitioner may have until March 11, 2009, in which to supplement his petition for a writ of habeas corpus with facts about what sort of notice regarding the hearing, witnesses and evidence he was given; whether he understood this information and, if not, why; whether petitioner failed to understand what occurred during the hearing; what evidence he would have submitted or witnesses, if any, he would have called and what the witnesses would have said at the hearing; ; and how an interpreter would have assisted him in presenting his defense. If petitioner fails to submit a supplement by March 11, 2009, the clerk of court is ordered to dismiss his petition and close this case.

Entered this 27th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

9