IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARCELO SANDOVAL,

               Petitioner,

      v.

WARDEN HOLINKA,
Warden FCI Oxford,

              Respondent.

                        ORDER

                        09-cv-033-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this habeas corpus action brought pursuant to 28 U.S.C. § 2241, petitioner Marcelo Sandoval claims that he was denied due process when prison officials failed to inform him of his right to call witnesses and present evidence and denied his request for an interpreter at a disciplinary hearing held on March 26, 2008.  Petitioner seeks to have his goodtime credit reinstated and his disciplinary record expunged.

In an order dated March 30, 2009, I determined from the facts petitioner asserted in his verified petition that he had a hearing before a disciplinary hearing officer for allegedly fighting with another inmate.  Although petitioner was given notice of the hearing, he did not understand that he had the right to call witnesses or challenge any of the evidence against him because he has a limited comprehension of English and did not have an

1

interpreter present at the hearing.  On the basis of these factual averments, I ordered respondent to show cause why the petition should not be granted on petitioner's claim that he was illegally deprived of his goodtime credits when he was not given notice in Spanish of his opportunity to present evidence or call witnesses at the disciplinary hearing.  The government has responded as directed.  Although given an opportunity to file a traverse in reply, petitioner has failed to do so and therefore, the allegations in respondent's answer will be accepted as true to the extent that they are not disputed by the allegations in petitioner's petition.  28 U.S.C. § 2248 ("the allegations . . . of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true").  From the developed record, I conclude that the matter is one of credibility that cannot be resolved without a hearing. However, I will not schedule a hearing until I determine whether petitioner is entitled to the assistance of counsel.

From the petition and response, I find the following facts to be material and undisputed.

## UNDISPUTED FACTS

At all times relevant to this action, petitioner Marcelo Sandoval was incarcerated at the Federal Correctional Institution at Oxford, Wisconsin.  Petitioner cannot read or write in English but he can understand a limited amount of spoken English.  At his criminal trial,

2

petitioner was appointed an interpreter.

On February 28, 2008, petitioner was written up for fighting with another inmate. Guard E. Dotski, who works for the Federal Correctional Institution, observed petitioner and another inmate "swinging their arms wildly and striking each other with closed fists." Officer L. Givens observed that "both inmates had blood on their respective knuckles and swollen patches on their faces."

The incident was investigated by Senior Officer Specialist Mike Morgan. Morgan verbally advised petitioner of his right to remain silent. Petitioner indicated that he understood his rights and gave a statement that he was not fighting but defending himself. Because fighting is a serious offense, petitioner's case was referred to a Discipline Hearing Officer for a hearing pursuant to Bureau of Prisons policy.

On March 5, 2008, Unit Manager Steve Robinson delivered the notice of the DHO hearing to petitioner on March 5, 2008. The notice stated that petitioner had the right to have a staff member present and the right to call witnesses at the hearing and present documentary evidence. The notice was written in English. Robinson also read the contents of the notice to insure that petitioner understood what was going on. Robinson avers that he did not see any indication that petitioner did not understand and that if petitioner had requested an interpreter, one would have been provided. Petitioner signed the notice of the hearing, checking the boxes that indicated that he did not wish to have a staff member

3

present and did not wish to have witnesses.

Petitioner received his hearing before Disciplinary Hearing Officer Carl Crawford on March 26, 2008 via video conference. Crawford confirmed that petitioner understood his rights and did not wish to have a staff member present or call witnesses. Crawford has substantial experience interacting with Spanish-speaking inmates. In Crawford's view, petitioner exhibited sufficient ability to understand his questions and respond appropriately. During the hearing, petitioner argued that he was attacked by the other inmate and did not hit back. Although he considered petitioner's self-defense testimony, Crawford concluded that the evidence did not support petitioner's version of the events because an attending officer witnessed both inmates swinging and hitting each other with closed fists and petitioner had blood on his knuckles and abrasions on his hands.

DISCUSSION

A prisoner does not lose his right to due process at a prison disciplinary hearing. Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974). Although his rights may be curtailed because of institutional limitations, prisoners still maintain a limited set of rights that includes receiving notice of the charges against them, an opportunity to defend themselves by presenting evidence and witnesses and a written statement of the grounds for decision. Id. The only issue in this case is whether petitioner had an opportunity to call witnesses and

4

present documentary evidence before Disciplinary Hearing Officer Crawford on March 20, 2008.  There is no dispute that petitioner received a written notice of his right to present evidence and call witnesses before the disciplinary hearing officer.  However, because this notice was in English and petitioner has a limited comprehension of English, the question is whether he understood that he head those rights.

Respondent argues that petitioner's claimed lack of comprehension is insufficient to state a due process violation because three officers have offered affidavits averring that they believe petitioner understood his rights, and if they believed that petitioner did not understand, they would have secured an interpreter.

Although a non-English speaking defendant does not have a constitutional right to an interpreter at a criminal proceeding, the Court of Appeals for the Seventh Circuit has recognized that due process is violated when "(1) what is told to [defendant] is incomprehensible; (2) the accuracy and scope of a translation at a hearing or trial is subject to grave doubt; (3) the nature of the proceeding is not explained to the defendant in a manner designed to ensure his full comprehension; or (4) a credible claim of incapacity to understand due to language difficulty is made and the district court fails to review the evidence and make appropriate findings of fact."  United States v. Johnson, 248 F.3d 655, 663 (7th Cir. 2001).  The Seventh Circuit has never applied this standard to prison disciplinary hearings but the same concerns apply to disciplinary hearings.  Both Wolf, 418

5

U.S. 539, and <u>Johnson</u>, 248 F.3d 655, suggest an underlying concern with a meaningful opportunity to defend oneself.  If an inmate cannot comprehend English, then he cannot be said to have a meaningful opportunity to defend himself.  Therefore, due process is violated when a non-English-speaking prisoner must proceed before a disciplinary hearing officer when he cannot understand the proceeding or comprehend his rights.

On the current record, I cannot determine whether petitioner could comprehend his rights.  Petitioner has submitted an affidavit under penalty of perjury attesting to the fact that he did not understand his right to present evidence or have witnesses testify on his behalf.  In response, to prove that petitioner understood his rights and the disciplinary hearing, respondent offers the affidavits of three officers who aver that petitioner did understand.  The undisputed facts show that Mike Morgan, Steve Robinson and Carl Crawford all explained to petitioner his rights in English.  Specifically, officers Robinson and Crawford verbally informed petitioner that he could present evidence and have witnesses present.  All the officers claim to have experience with Spanish-speaking inmates and assert petitioner demonstrated the ability to understand what was said to him.  Respondent contends that these affidavits are sufficient as a matter of law to prove that petitioner understood.  He cites <u>Gonzales-Perez v. Harper</u>, 241 F.3d 633 (8th Cir. 2001), and <u>Gabai v. Jacoby</u>, 800 F.Supp. 1149 (S.D.N.Y. 1992).

As an initial matter, this court is not bound by either decision.  In any event, the cases

6

are inapposite because neither case held expressly that the testimony of an officer alone is sufficient to determine that a non-English-speaking prisoner is able to understand and function in English.  In <u>Gonzales-Perez</u>, 241 F.3d at 637-38, the court relies in part on the testimony of the defendant administrative law judge who presided over a number of the plaintiff's hearings.   However, in that case, the magistrate judge also held an evidentiary hearing on plaintiff's claim before recommending dismissal.  <u>Id</u>. at 636.  In <u>Gabai</u>, 800 F. Supp at 1156, the prisoner did not offer any evidence to rebut the officer's testimony that he did not comprehend.   In this case, petitioner has offered his own affidavit and his prior need for an interpreter.  Although the officers who informed petitioner of his rights may believe petitioner understood his rights, their statements alone are insufficient to prove that petitioner did understand.

Respondent also argues that petitioner has demonstrated competent English skills in numerous grievances and court submissions, including the filing of his current petition. However, as respondent suggests, it is possible that petitioner received assistance in drafting these materials.  Therefore, the submissions are no more proof of his competency than the affidavits submitted by the officers.

Last, respondent contends that even if a due process violation did occur, petitioner was not prejudiced because (1) he has no evidence that the disciplinary hearing officer's conclusion that the inmates were fighting was erroneous and (2) since a prisoner does not

have an absolute right to call witnesses the absence of witnesses does not violate due process. I disagree with respondent on both grounds.

First, the disciplinary hearing officer's conclusion that fighting occurred was based in part on the testimony of one officer who saw both inmates swinging their arms wildly. In his supplement to his petition, petitioner contends that witnesses would have testified that "the other inmate repeatedly punched the petitioner in the face and head while the petitioner attempted to fend off the blows." Dkt. #4 at 3. It is not unreasonable to believe that officer Crawford might have found in light of all the testimony that petitioner was not fighting but defending himself. Respondent has made no showing that self-defense is a possible defense to the charge of "fighting" at the Oxford Correctional Institution that would have reduced the severity of petitioner's penalty.

Second, although Wolff acknowledges that the right to call witnesses at a disciplinary hearing was not absolute, it specifically stated that

> the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense *when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.* Ordinarily, the right to present evidence is basic to a fair hearing; but the unrestricted right to call witnesses from the prison population carries obvious potential for disruption and for interference with the swift punishment that in individual cases may be essential to carrying out the correctional program of the institution.

8

<u>Wolff</u>, 418 U.S. at 566 (emphasis added).  There is no suggestion in the record that allowing petitioner the ability to have witnesses present would be unduly hazardous to institutional safety or correctional goals.  Therefore, petitioner had a right to call witnesses.  If he did not have a meaningful opportunity to present witnesses in his defense, then his rights were denied.

I conclude that the matter is one of credibility that cannot be resolved without an evidentiary hearing.  Given petitioner's alleged difficulties understanding English, the appointment of counsel is warranted.  However, under 18 U.S.C. § 3006A, I may appoint counsel in § 2241 actions only when petitioner is financially eligible.  Accordingly, I will enclose an affidavit of indigency with this order.  Petitioner has until July 17, 2009 to return the affidavit along with a six-month trust account statement from the institution.  I will ask a lawyer to represent petitioner if these materials show he is financially eligible.  Once this issue is resolved, I will direct the clerk of court to schedule an evidentiary hearing.  Petitioner's motion for appointment of an interpreter is denied; once the appointment of counsel issue is resolved, petitioner may renew that motion should an interpreter still be necessary.

ORDER

IT IS ORDERED that

1. Petitioner Marcelo Sandoval has until July 17, 2009 to return the affidavit of indigency along with a six-month trust account statement from the Oxford Correctional

Institution.

2.   Petitioner's motion for appointment of an interpreted is DENIED without prejudice.  Petitioner may renew this motion at a later date if necessary.

Entered this 23rd day of June, 2009.

BY THE COURT:

  /s/

_____

BARBARA B. CRABB
District Judge